

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-51,977-03

**EX PARTE MARVIN LESTER WINDOM, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1342650-A IN THE 209TH DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam. Yeary, J., not participating.*

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pled guilty to aggravated assault on a public servant under a plea agreement and was sentenced to imprisonment for twenty-five years.

About a year later, according to documents in the habeas record, Applicant learned that a constable had destroyed evidence in many cases, including Applicant's case, while the cases were pending. In his habeas application, Applicant complains that his guilty plea was involuntary, that trial counsel should not have permitted him to plead guilty had he investigated to learn of the evidence destruction, that the State violated *Brady* regarding the evidence destruction, and that appellate

counsel failed to raise any issue related to the evidence destruction. *See Brady v. Maryland,* 373 U.S. 83 (1963); *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Morrow*, 952 S.W.2d 530 (Tex. Crim. App. 1997).

The habeas record forwarded to this Court contains no response from trial or appellate counsel or findings from the trial court. The application is remanded to the trial court to allow the trial judge to obtain responses from trial and appellate counsel, complete an evidentiary investigation, and enter findings of fact and conclusions of law resolving the issues.

To do so, the trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*. If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law regarding Applicant's claims. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: October 23, 2019
Do not publish